**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUIS FERNANDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CENTURION BANK,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:18-cv-03413<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**NOW COMES**, LUIS FERNANDEZ, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, AMERICAN EXPRESS CENTURION BANK, as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' TCPA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. LUIS FERNANDEZ ("Fernandez") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

1

5. Fernandez is a "person" as defined by 47 U.S.C. § 153(39).

6. AMERICAN EXPRESS CENTURION BANK ("American Express") offers charge and credit cards in the United States. It issues personal and small business charge and credit, corporate cards, and prepaid cards. The company was formerly known as American Express Deposit Corporation and changed its name to American Express Centurion Bank in July 1996. The company was incorporated in 1985 and is based in Salt Lake City, Utah. American Express Centurion Bank operates as a subsidiary of American Express Travel Related Services Company, Inc.

7. American Express is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. On or around November 1, 2015, Fernandez obtained an American Express credit card ending in 1413 ("account ending in 1413").

9. On or around May 1, 2017, Fernandez obtained an American Express credit card ending in 8131 ("account ending in 8131")

10. Upon information and belief, Fernandez provided American Express with his cellular telephone number ending in 1492 at the time he applied for the accounts.

11. At all times relevant, Fernandez was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1492.

12. At all times relevant, Fernandez was financially responsible for his cellular telephone equipment and services.

13. Fernandez made various charges on the account ending in 1413, amassing a balance of $8,927.00.

14. Fernandez made various charges on the account ending in 8131, amassing a balance of $2,144.00.

15. Fernandez defaulted on both account. American Express initiated a relentless collection call campaign, calling Fernandez up to 3-to-4 times daily.

16. In November 2017, Fernandez answered and was received by obvious silence then audible clicking, before being connected to American Express's representative.

17. American Express's representative apprised Fernandez that they were seeking to collect payment on past due accounts; Fernandez demanded that American Express stop calling.

18. Fernandez's request that they stop calling fell on deaf ears, as American Express proceeded to place (or cause to place) no less than 25 unconsented-to calls to Fernandez.

19. Upon information and belief, American Express placed or caused to be placed the aforementioned calls to Fernandez's cellular telephone using a predictive dialer[1].

## DAMAGES

20. American Express's collection calls have severely disrupted Fernandez's everyday life and overall well-being.

21. American Express's collection calls have resulted in intrusion and occupation of Fernandez's cellular services, thus impeding receipt of other calls.

22. American Express's collection calls have resulted in unnecessary depletion of Fernandez's cellular battery requiring him to incur electricity charges to recharge his cellular telephone.

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

23. American Express's telephone harassment campaign and illegal collection activities have caused Fernandez actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Fernandez's cellular telephone capacity, wasting Fernandez's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. Concerned about the violations of his rights and invasion of his privacy, Fernandez sought counsel to file this action to compel American Express to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. American Express placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Fernandez's cellular telephone number ending in 1492 utilizing an automatic telephone dialing system ("ATDS") without Fernandez's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers

at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

28. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

29. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

30. Upon information and belief, based on the lack of prompt human response, American Express employed a predictive dialer to place calls to Fernandez's cellular telephone.

31. Upon information and belief, the predictive dialer employed by American Express transfers the call to a live representative once a human voice is detected, hence the clear pause.

32. As a result of American Express's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Fernandez is entitled to receive $500.00 in damages for each such violation.

33. As a result of American Express's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Fernandez is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Fernandez requests the following relief:

a. find that American Express violated 47 U.S.C. §227 (b)(1)(A)(iii);

b. enjoin American Express from placing calls to Fernandez pursuant to 47 U.S.C. § 227(3)(A);

c. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

      d.      award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

      e.      award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

May 14, 2018                                            Respectfully submitted,

                                                                 */s/ Joseph Scott Davidson*

                                                                 Joseph Scott Davidson
                                                                 Mohammed Omar Badwan
                                                                 **SULAIMAN LAW GROUP, LTD.**
                                                                 2500 South Highland Avenue
                                                                 Suite 200
                                                                 Lombard, Illinois 60148
                                                                 +1 630-575-8181
                                                                 jdavidson@sulaimanlaw.com
                                                                 mbadwan@sulaimanlaw.com

                                                                 *Counsel for Luis Fernandez*